### HECHT v. YOUGHIOGHENY & LEHIGH COAL CO. et al.

(Circuit Court, N. D. Illinois, E. D. June 25, 1908.)

#### No. 28,536.

COURTS—JURISDICTION OF FEDERAL COURTS—ANCILLARY SUITS—PARTIES.

Where an action is brought in a federal court on an arbitrator's award, a suit by the defendant therein to set aside the award for fraud is ancillary, but such fact does not give the court jurisdiction to bring in another party who is a citizen of the same state as the complainant to impeach an award in its favor made at the same arbitration, but which is separate and distinct from that between the other parties.

[Ed. Note.—Supplementary and ancillary proceedings, and relief in federal courts, see note to Toledo, St. L. & K. C. R. Co. v. Continental Trust Co., 36 C. C. A. 195.]

In Equity. On demurrer to bill.

Mayer, Meyer & Austrian, for complainant.
Cassoday & Butler, for defendant Youghiogheny & Lehigh Coal Co.
Knapp, Haynie & Campbell, for defendant Illinois Steel Co.

KOHLSAAT, Circuit Judge. This cause is now before the court on demurrer filed by defendant steel company to the bill, from the allegations of which it appears: (1) That complainant and defendant steel company are citizens of Illinois, and that the defendant coal company is a citizen of Wisconsin. (2) That complainant and one Charles Kaestner, as copartners, under the name and style of Charles Kaestner & Co., entered into a contract with defendant coal company on March 20, 1899, for the construction of certain coal rigs. (3) That on April 21, 1899, said Kaestner & Co., entered into a contract with the Universal Construction Company for three portable towers and several bridges, to be used in constructing said rigs,

and were so used. (4) That afterwards complainant succeeded to the rights of said firm of Kaestner & Co. and defendant steel company succeeded to the rights of said construction company. (5) That such dealings were had that the three parties, being unable to agree, submitted their several rights under said contracts to arbitration. (6) That the arbitrator rendered an award on February 1, 1906, wherein he found the complainant indebted to the defendant coal company in the sum of $5,633.03, and to the defendant steel company in the sum of $8,000. (7) That afterwards defendant coal company brought suit at law in this court to recover the amount so awarded it, which suit is now pending, and that defendant steel company is threatening to bring suit at law in the state court of Illinois upon its said award. The bill further charges that the persons signing the agreement of submission for complainant and defendant steel company, respectively, did so without authority so to do; that he, in the absence and without the knowledge of complainant, inspected said rigs and secretly conferred with defendant coal company's representatives with reference thereto, and took from it other statements, without giving complainant any opportunity to rebut or explain; that the whole award—that is, each and both allowances—were a fraud upon complainant, and should be vacated and set aside. The prayer is to that end and for general relief.

The demurrer is general, but the briefs are addressed to the question of jurisdiction. The coal company has filed its answer. It is sought by complainant to make the steel company defendant herein upon the ground that the bill is ancillary to the said suit of the coal company. As a general rule, it may be said that a suit is ancillary when it is in a sense a continuation of the former suit. No question is made as to the right to file this bill against the coal company. It is a continuation, in a way, of the matters there involved. As to the steel company, it is an original suit. The submission and award are in no sense in a different situation from what would exist, had they been more separate and distinct and upon different instruments. The only ground for treating them as in any way interdependent is that the award is in each case alleged to be fraudulent. An adjudication to that effect with reference to the company's award would not be binding or even persuasive in a suit in a state court upon the award to the steel company. It would, no doubt, simplify proceedings if the question of fraud could be disposed of in a hearing as to both. That might be ground for consolidation were both cases now pending here. Certainly the situation presents no ground for taking jurisdiction in order to avoid a multiplicity of suits. It cannot be the law that complainant by bringing its bill to set aside the whole award as ancillary to a suit which involves only the rights of the coal company can drag into this court one who is, in legal effect, a stranger to the award to the coal company. If there were some interdependent relations between the coal company and the steel company, as there were in the insurance cases, and as exist in will cases, it might be otherwise; or, if there was some common property subject to the direction of the court, or something to be apportioned, a different rule would apply, and the authorities presented would be in point.

Defendant steel company is not an indispensable or even necessary party in adjusting the coal company's claim. Its claim may be enforced or set aside without in any manner affecting that of the coal company. It seems well settled that a bill will lie to set aside an award for fraud or mistake, while at the same time those matters may be set up in an action at law. The former, however, being more complete and effectual, is deemed the more satisfactory method. But this rule does not invest the federal court with jurisdiction to bring in a stranger lacking diversity of citizenship on any of the grounds urged upon this hearing.

The demurrer is sustained.